UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER TODD HAWKINS,<br><br>Petitioner,<br><br>v.<br><br>SAN DIEGO COUNTY JAIL, et al.,<br><br>Respondents. | Case No.:  3:23-cv-0267-LL-LR<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION WITHOUT PREJUDICE** |

On February 8, 2023, Petitioner, an inmate proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The Court dismissed the Petition because Petitioner failed to satisfy the filing fee requirement. ECF No. 2. In its dismissal order, the Court's notified Petitioner he must either pay the $5.00 filing fee or provide adequate proof of his inability to pay no later than April 14, 2023. *See id.* Petitioner has now filed a timely application to proceed *in forma pauperis* ("IFP"). ECF No. 3.

**MOTION TO PROCEED IFP**

According to his prison trust account statement, Petitioner has no funds account at the California correctional institution in which he is presently confined. ECF No. 3 at 5. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed IFP and allows Petitioner to prosecute the above-referenced action

without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

### FAILURE TO STATE A COGNIZABLE CLAIM ON FEDERAL HABEAS

The Petition must nonetheless be dismissed because Petitioner has failed to state a cognizable claim on federal habeas. Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules") requires the Court to dismiss a petition in the preliminary stage if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Habeas Rules.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a); *see also Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). Here, Petitioner claims he is "being held against his will" and he "was not at [his] video arraignment." *See* ECF No. 1 at 6, 9. Nowhere in his Petition, however, does Petitioner allege he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

Further, the Court notes that Petitioner cannot simply amend his Petition to state a federal habeas claim and then refile the amended petition in this case. He must exhaust state judicial remedies before bringing his claims via federal habeas. State prisoners who wish to challenge their state court conviction must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). To exhaust state

judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. *See* 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34. Moreover, to properly exhaust state court judicial remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.* at 365–66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id.* (emphasis added).

Additionally, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996, a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D) (West Supp. 2002).

The Court also notes that the statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's IFP Motion and **DISMISSES** the action without prejudice because Petitioner has failed to state a cognizable federal claim. To have this case reopened, Petitioner must file a First Amended Petition that cures the pleading deficiencies set forth above **no later than June 26, 2023**. A blank First Amended Petition is included with this Order for Petitioner's convenience.

**IT IS SO ORDERED.**

Dated:  May 23, 2023

_____
Honorable Linda Lopez
United States District Judge